UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FSC INTERACTIVE, LLC                                   CIVIL ACTION

VERSUS                                                 NO: 22-4450

ROGERS COLLECTIVE, INC. D/B/A                          SECTION: "A" (5)
HELLO SEVEN

**ORDER AND REASONS**

The following motion is before the Court: **FRCP 12(b)(6) Motion to Dismiss Fraud and LUTPA Claims (Rec. Doc. 9)** filed by the defendant, Rogers Collective, Inc. d/b/a Hello Seven ("Hello Seven"). The plaintiff, FSC Interactive, LLC ("FSC"), has filed an opposition to the motion. The motion, submitted on February 15, 2023, is before the Court on the briefs without oral argument.

Founded in 2017, Hello Seven is a women-run company that specializes in providing business, marketing, financial and legal training to women, people of color and persons from other historically excluded groups. To advertise its services and recruit new members, Hello Seven utilizes multiple digital media platforms, which include an assortment of internet and social media.

FSC is a digital marketing agency.

Hello Seven (through its then-employee Ms. Amanda Brinkman) and FSC executed a contract that stated the terms and conditions under which FSC was to provide advertising services to Hello Seven. The crux of the lawsuit, according to FSC, is that FSC delivered on the contract (and then some) but Hello Seven has refused to pay outstanding invoices. FSC is pursing Hello Seven under numerous legal theories, including the two being challenged in the instant motion to dismiss: fraud and the

Louisiana Unfair Trade Practices Act. Hello Seven argues that the allegations of the Complaint fail to support a claim under either of these two legal theories.

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or

inconvenience to the other. La. Civ. Code art. 1953. Fraud may also result from silence or inaction. *Id.* The elements of the tort of fraud are a misrepresentation of material fact made with the intent to deceive where there was reasonable and justifiable reliance *by the plaintiff* and resulting injury. *Riedel v. Fenasci*, 270 So. 3d 795, 801 (La. App. 1st Cir. 2018) (citing *Prejean v. Estate of Monteiro*, 15-0197, 2015 WL 5515763, at 83 (La. App. 1st Cir. 9/18/15) (unpublished)); *Chateau Homes by RJM, Inc. v. Aucoin*, 97 So. 3d 398, 404 (La. App. 5th Cir. 2012). In order to find fraud from silence or suppression of the truth, there must exist a duty to speak or disclose information.[1] *Id.* at 405.

In the Louisiana Unfair Trade Practices Act ("LUTPA"), La. R.S. § 51:1405, *et seq.*, the legislature declared it to be unlawful to engage in "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Quality Envtl. Processes, Inc. v. I.P. Petroleum Co.*, 144 So. 3d 1011, 1025 La. 2014) (citing La. R.S. § 51:1405(A)). It has been left to the courts to decide, on a case-by-case basis, what conduct falls within the statute's prohibition. *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 35 So. 3d 1053, 1059 (La. 2010) (citing *Dufau v. Creole Engr, Inc.,* 465 So. 2d 752, 758 (La. App. 5th Cir. 1985)). The courts have repeatedly held that, under this statute, the plaintiff must show that the alleged conduct "offends established public policy and . . . is immoral, unethical, oppressive, unscrupulous, or substantially injurious." *Id.* (citing *Moore v. Goodyear Tire & Rubber Company,* 364 So. 2d 630, 633 (La. App. 2nd Cir. 1978)). In order to recover under the LUTPA, the plaintiff must prove some element of fraud, misrepresentation, deception,

---

[1] In alleging fraud, a party must state with particularity the circumstances constituting fraud. Fed. R. Civ. Pro. 9(b).

or other unethical conduct on the part of the defendant. *Dufau*, 465 So. 2d at 758.

Both the fraud claim and the LUTPA claim pertain to the <u>allegation</u> that Ms. Brinkman, on behalf of Hello Seven, requested that FSC front the cost for media costs to YouTube, LinkedIn, and Google—costs that per the contract were to be paid by Hello Seven directly to those companies—and then just invoice Hello Seven for them for reimbursement. (Rec. Doc. 1, Complaint ¶¶ 14, 37). According to the Complaint, Hello Seven later terminated the contract and refused to pay those media costs, as well as some outstanding invoice amounts for services rendered under the contract.

Admittedly, it is a close call as to whether this specific alleged conduct by Hello Seven if proven could satisfy fraud and LUTPA causes of action. And it is certainly questionable whether the fraud allegations are pleaded particularly enough. But this Court typically prefers to evaluate arguments likes those raised by Hello Seven in conjunction with a well-supported motion for summary judgment rather than on the pleadings alone. The Court therefore denies the motion to dismiss, with the exception of the claim for treble damages under the LUTPA. FSC concedes that it does not have a ripe claim for treble damages under the LUTPA at this time. (Rec. Doc. 13, Opposition at 14). The dismissal of the claim for treble damages will therefore be without prejudice.[2]

Finally, as the party invoking jurisdiction in federal court it is FSC's burden to establish that subject matter jurisdiction exists over this civil action. FSC relies upon diversity jurisdiction which requires satisfaction of the amount in controversy requirement and complete diversity of citizenship. 28 U.S.C. § 1332(a)(1). FSC has not

---

[2] Under the LUTPA, an award of treble damages is contingent upon a finding that the unfair or deceptive method, act, or practice was knowingly used by the defendant, *after being put on notice by the attorney general*. La. R.S. § 51:1409(A). Thus far, the attorney general has not provided any such notice to Hello Seven.

met its burden as to the latter requirement. FSC is a limited liability company not a corporation. The Complaint states as follows:

> FSC is a limited liability company organized under the laws of the State of Louisiana, with its principal place of business in the Eastern District of the State of Louisiana and located at 5411 Vermillion Boulevard, New Orleans, Louisiana, 71122.

Complaint ¶ I.(1).[3]

This allegation does not contain facts from which FSC's citizenship can be determined. The citizenship of an LLC is determined by the citizenship of <u>all</u> of its <u>members</u> not by its state of organization and its principal place of business. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Further, the citizenship upon which jurisdiction in federal court is based must be "distinctly" and "affirmatively" alleged. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). Failure to adequately allege the basis for diversity jurisdiction mandates dismissal. *Id.* (citing *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir.1991)). Therefore, FSC <u>must</u> amend its complaint to cure the jurisdictional defect identified above.[4]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **FRCP 12(b)(6) Motion to Dismiss Fraud and LUTPA Claims (Rec. Doc. 9)** filed by the defendant, Rogers Collective, Inc. d/b/a Hello Seven is **GRANTED IN PART AND DENIED IN PART** as explained above.

**IT IS FURTHER ORDERED** that FSC shall move to amend its complaint to

---

[3] The opposition references an amended complaint but no such pleading is in the record. The Court notes, however, that this morning the plaintiff moved to amend her complaint to cure the deficiencies raised in the motion to dismiss.

[4] Of course, if the Court dismisses the Complaint for lack of subject matter jurisdiction then this Order and Reasons denying the motion to dismiss will be a nullity.

properly allege its own citizenship on or before **March 1, 2023**.

February 15, 2023

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE