UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FSC INTERACTIVE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4450** |
| **ROGERS COLLECTIVE, INC.** | **SECTION: "P" (5)** |

## ORDER AND REASONS

Before the Court is the Motion for Leave to File Amended Witness List by Plaintiff, FSC Interactive, LLC ("FSC").¹ Defendant, Rogers Collective, Inc. (doing business as Hello Seven) ("H7"), opposes the motion.² For the reasons that follow, **IT IS ORDERED** that the motion is **DENIED**.

### I.  BACKGROUND

FSC filed its original witness list on August 28, 2023.³ Discovery in this action first closed on September 26, 2023,⁴ but was later extended, and the corporate deposition of H7 took place in January of 2024.⁵ From that deposition, FSC first learned of the so-called Project Vision Caster ("PVC") reports.⁶ PVC reports are internal reports prepared by H7 employees to monitor the progress of a marketing project, including projects involving outside service providers like FSC.⁷

Approximately seven months later, on August 27, 2024, FSC sent a letter to H7 requesting that H7 produce any PVC reports prepared between February 2022 and June 2022 for projects with advertisements managed by FSC.⁸ On or about September 9, 2024, H7 produced some, if not all,

---

¹ R. Doc. 118.
² R. Doc. 122.
³ R. Doc. 37.
⁴ R. Doc. 25.
⁵ *See* R. Doc. 122 at 5 n.5.
⁶ *See* R. Doc. 118-5.
⁷ *See id.*
⁸ *See id.*  In the letter, FSC contended that H7 should have produced the PVC reports pursuant to four Requests for Production ("RFPs"). *Id.*

of the requested PVC reports.[9] FSC represents that those reports list "employees involved in marketing and execution of the respective project, Hello Seven's goal for that project, items and things to be done with marketing firms in order to implement the project, budget for the project, etc."[10]

On September 12, 2024, the parties submitted a proposed pretrial order in which FSC identified four witnesses not included in its original witness list: Julie Pucket, Samantha Aramburu, Ella Hargrove, and Rachel Morgan.[11] On September 18, 2024, trial in this matter was continued; trial was later reset for March 24, 2025.[12] Now, FSC seeks to amend its witness list to include Pucket, Aramburu, Morgan, and a fourth individual, Eloria Downs.[13]

## II.   LAW AND ANALYSIS

A scheduling order "may be modified only for good cause and with the judge's consent."[14] In determining whether good cause exists to modify a scheduling order, courts consider four factors: (1) the explanation for the delay; (2) the importance of the evidence; (3) the potential prejudice in allowing the evidence; and (4) the availability of a continuation to cure such prejudice.[15]

### A. Explanation for the delay

It is not clear why FSC delayed filing the instant motion after the witnesses it seeks to include in its proposed amended witness list were apparently identifiable in the PVC reports

---

[9] *See* R. Doc. 118-6. FSC contends that H7 did not produce all of the relevant PVC reports responsive to its request. R. Doc. 118-1 at 2.
[10] R. Doc. 118-1 at 2.
[11] R. Doc. 99 at 30.
[12] R. Doc. 113.
[13] R. Doc. 118-1 at 2-3; R. Doc. 118-2. Ella Hargrove does not appear in the proposed amended witness list.
[14] FED. R. CIV. P. 16(b)(4); *see, e.g.*, *Robert v. Maurice*, Civil Action No. 18-11632, 2022 WL 842210 (E.D. La. Mar. 10, 2022) (considering an effort to amend a witness list under Rule 16(b)).
[15] *Matter of Lasala*, No. 18-11057, 2021 WL 5763802, at *2 (E.D. La. Mar. 1, 2021) (citing *AIG Europe, Ltd. v. Caterpillar, Inc.*, 831 F. App'x 111, 114 (5th Cir. 2020)); *see also S&W Enters., L.L.C. v. Southtrust Bank of Al., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

produced on or about September 9, 2024.[16] After all, FSC listed three of the four witnesses in its proposed pretrial order on September 12, 2024.[17] Thus, this factor weighs against granting FSC's motion.

### B. Importance of the evidence

FSC contends that the four new witnesses—a graphic designer, a copywriter, an operations administrator, and a marketing administrator—will provide important testimony because they either worked on the ad campaigns FSC ran for Hello Seven projects, are familiar with Hello Seven's work with outside service providers like FSC, or were responsible for tracking such projects' status.[18] But FSC provides scant detail as to how the testimony of the graphic designer, copywriter, or marketing administrator will actually support its claims.[19] Moreover, FSC articulates in only slightly more detail how the testimony of H7's operations administrator, whom FSC does not identify by name but the Court assumes must be Rachel Morgan, will support its claims.[20] This factor weighs against granting FSC's motion.

### C. Potential prejudice in allowing the evidence

H7 argues that it will be prejudiced by the inclusion of the four individuals on FSC's proposed amended witness list because discovery closed before FSC identified these witnesses, and it has had no opportunity to depose the witnesses.[21] FSC responds that any prejudice is minimal and attributable to H7's own delay because H7 contacted the witnesses and could have sought to interview them or conduct depositions after FSC identified those individuals in the

---

[16] *See* R. Doc. 118-1 at 2.
[17] R. Doc. 99 at 29-30.
[18] R. Doc. 118-1 at 3.
[19] *See id.*
[20] *See id.* ("[T]he documents produced on September 9, 2024, show the Operations Administrator was responsible for tracking project status, issues and decisions relating to the project, tracking the funnel effectiveness, etc., all of which go towards the issue of Hello Seven refusing to pay FSC for its services.").
[21] R. Doc. 122 at 7.

September 12, 2024 proposed pretrial order.[22] FSC does not acknowledge that one of the witnesses it now seeks to include in its proposed amended witness list, Marketing Manager Eloria Downs,[23] was not identified in the September 12, 2024 proposed pretrial order.[24] Weighing the merits of FSC's arguments on this issue as to the three witnesses previously identified against FSC's failure to previously identify Eloria Downs as a witness, this factor is either neutral or weighs in H7's favor.

### D. Availability of a continuance to cure prejudice

Finally, another continuation in this matter could unfairly prejudice H7 after this matter has already been continued twice, and curing any prejudice would require pushing back trial and reopening discovery once more, which puts this factor in H7's favor.[25]

### III. CONCLUSION

Weighing the factors, the Court finds that good cause does not exist to grant FSC's motion. As to the three witnesses FSC identified in the joint pretrial order filed on September 12, 2024, FSC has provided no explanation for its delay in seeking to amend its witness list. And it apparently gave no prior notice to H7 of its intent to include the fourth new witness, Eloria Downs, in its proposed amended witness list. The asserted importance of these witnesses' testimony cannot overcome the defects in FSC's motion. Accordingly,

FSC's Motion for Leave to File Amended Witness List (R. Doc. 118) is **DENIED**.

---

[22] *See id.*
[23] *See* R. Doc. 118-2 at 1-2.
[24] *See* R. Doc. 99.
[25] *See* R. Docs. 60 & 106.

New Orleans, Louisiana, this 7th day of March 2025.

*[signature]*
_____
**DARREL JAMES PAPILLION
UNITED STATES DISTRICT JUDGE**