## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FSC INTERACTIVE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4450** |
| **ROGERS COLLECTIVE, INC.** | **SECTION: "P" (5)** |

## <u>ORDER AND REASONS</u>

Before the Court is the Motion *in Limine* to Exclude Fee Records, filed by Defendant, Rogers Collective, Inc. (doing business as Hello Seven) ("H7").[1]  Plaintiff, FSC Interactive, LLC ("FSC"), opposes the motion.[2]  For the reasons that follow, **IT IS ORDERED** that the motion is **GRANTED**.

## I.    BACKGROUND

The instant motion relates to whether FSC may present evidence at trial of its counsel's billing records in this action (the "Fee Records") related to its open account claim under Louisiana law, LA. STAT. ANN. § 9:2781, a claim for which FSC may collect attorney's fees if it prevails.[3]

Trial in this action was previously set for September 30, 2024.[4]  Ahead of that trial date, the parties filed a joint proposed pretrial order with each party's list of trial exhibits.[5]  FSC did not include the Fee Records in that list.[6]  Trial was subsequently continued to March 24, 2025, and the parties again filed a proposed pretrial order.[7]  This time, FSC listed the Fee Records among its trial

---

[1] R. Doc. 158.
[2] R. Doc. 167.
[3] "When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant." LA. STAT. ANN. § 9:2781(A).
[4] R. Doc. 67.
[5] R. Doc. 99.
[6] *See id.* at 22-24.
[7] R. Doc. 130.

exhibits.[8]  H7 objected to the inclusion of these records because they had not been produced by FSC and, H7 argued, any amount of attorney's fees recoverable by FSC on its open account claim must be determined by the Court, not by a jury.[9]

This Court continued the trial date and, after holding a telephonic status conference with the parties, ordered FSC to produce the Fee Records to H7 and provided a briefing schedule for H7 to move to exclude the Fee Records from the evidence at trial.[10]  FSC produced the Fee Records to H7 and H7's motion *in limine* is now before the Court.[11]

In the instant motion, H7 argues that the Fee Records should be excluded from trial because FSC disclosed its intent to introduce the Fee Records long after its original deadline to submit its witness list;[12] there is no good cause for FSC's delay;[13] the extensive redactions in the Fee Records make it impossible to evaluate the amounts FSC's counsel actually billed;[14] the Fee Records mostly relate to claims other than H7's open account claim;[15] and the Fee Records include inflammatory and prejudicial commentary about H7 that should not go to the jury.[16]

In its opposition, FSC contends that H7 agreed to try the issue of attorney's fees before a jury.[17]  FSC also argues that the amount of attorney's fees it seeks is reasonable and properly accounts for its counsel's efforts in pursuing its fraud and Louisiana Unfair Trade Practices Act ("LUTPA") claims because those claims involve issues intertwined with its open account claim and are, therefore, recoverable if FSC succeeds on its open account claim.[18]

---

[8] *See id.* at R. Doc. 130 at 39 (Proposed Exhibit No. 239); *see also* R. Doc. 158-1 at 3.
[9] *See* R. Doc. 143 at 9-10.
[10] R. Doc. 157.
[11] R. Doc. 167 at 7; R. Doc. 158.
[12] R. Doc. 158-1 at 5-6.
[13] *Id.* at 6-7.
[14] *Id.* at 7-8.
[15] *Id.* at 8-10.
[16] *Id.* at 11-12.
[17] *See* R. Doc. 167 at 7.
[18] *See id.* at 14-20.

## II.    LAW AND ANALYSIS

While FSC's opposition primarily focuses on the reasonableness of its attorney's fees, the threshold issue presented by H7's motion is whether a jury should determine the amount of attorney's fees awarded upon a successful open account claim, or if that is an issue best left to the Court after trial.

Federal Rule of Civil Procedure 54(d)(2)(A) provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."  "The amount of reasonable attorneys' fees in [a] suit on an open account is left to the sound discretion of the trial judge."[19]

In every federal district court case reviewed by the Court involving a successful open account claim tried before a jury, the amount of recoverable attorney's fees was determined by the court following a post-trial Rule 54(d) motion.[20]  That is because the amount of attorney's fees is not an element of damages for an open account claim.[21]

FSC's only response is to assert that "the parties agreed to try all issues, including attorney fees, to the jury."[22]  FSC quotes the parties' proposed pretrial order, which provides, "The issue of liability will not be tried separately from that of quantum. Notably, FSC has claims against Hello Seven that award FSC attorney fees and costs, including: breach of good faith and fair dealings, fraud, open account, and LUPTA."[23]  But liability and quantum (*i.e.*, damages) are issues distinct

---

[19] *Jeld-Wen, Inc. v. Sissco, L.L.C.*, No. 06-282-DLD, 2007 WL 9706569, at *1 (M.D. La. June 7, 2007) (citing *Metro. Reps., Inc. v. Avery*, No. 95-CA-504 (La. App. 5 Cir. 11/28/95), 665 So. 2d 547, 550).
[20] *See J.M. Smith Corp. v. Ciolino Pharmacy Wholesale Distribs., LLC*, Nos. 10-1483 & 10-1786, 2014 WL 4186457, at *1 (E.D. La. Aug. 22, 2014); *La. Newpack Shrimp, Inc. v. Ocean Feast of China, Ltd.*, No. 19-12948, 2025 WL 580009, at *1-3 (E.D. La. Feb. 21, 2025).
[21] *See* La. Stat. Ann. § 9:2781(A).
[22] R. Doc. 167 at 7 (citing R. Doc. 99 at 31).
[23] R. Doc. 99 at 31.

from attorney's fees.[24]  Accordingly, the reasonableness and amount of attorney's fees awarded to FSC will be determined upon a Rule 54(d) motion should FSC prevail on its open account claim at trial.[25]

## III.    CONCLUSION

For the foregoing reasons, H7's Motion *in Limine* to Exclude Attorney Fee Records (R. Doc. 158) is **GRANTED**.  FSC shall not introduce the Fee Records into evidence at trial.  If FSC prevails on its open account claim at trial, it may move for attorney's fees pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.2.

**IT IS FURTHER ORDERED** that H7's Amended Motion to Seal (R. Doc. 162) is **DENIED AS MOOT**.

New Orleans, Louisiana, this 22nd day of May 2025.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[24] *Compare* LA. CODE CIV. PROV. ANN. art. 2298(B) (providing that attorney's fees for services rendered in obtaining an injunction preventing a sheriff from selling seized property "*may be included as an element of the damages*") (emphasis added) *with* LA. STAT. ANN. § 9:2781(A) ("When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, *that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant*.") (emphasis added).  *See also* FED. R. CIV. P. 54(d)(2)(A) ("A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.").

[25] *See also* L.R. 54.2 ("In all cases in which a party seeks attorneys' fees, the party must submit to the court a verified, contemporaneous report reflecting the date, time involved, and nature of the services performed.").  Because the Court finds that it would be inappropriate for the jury to determine the amount of attorney's fees owed FSC if FSC prevails on its open account claim, the Court need not address whether there was good cause for FSC to amend its exhibit list to include its fee records.  The Court also expresses no opinion as to which billing entries in FSC's attorney fee records would be recoverable should FSC prevail on its open account claim.